The next case on the docket is 525-03-83. People versus Stallman. For the appellant, Frank Hansen. For the athlete, Kerry Jones. Good afternoon. Mr. Hansen, if you're ready to proceed, you may do so. Did you want to announce that McKaney is not here? Oh, yes, yes. We should inform everyone that Justice Schiller will be our third panel member. She's only able to be here today with us, but she will be participating through the audio. So, come on up. You may begin whenever you're ready. May it please the Court, Counsel. This case concerns a straightforward but important sentencing principle, that a trial court may not consider a factor inherent in the charged offense, a factor in aggravation, where that factor is inherent in the offense itself. Here, the Court expressly referenced the statutory aggravating factor that Ms. Stallman's conduct caused or threatened harm while sentencing Ms. Stallman for first-degree murder. The Court later admitted that it considered this factor as part of its aggravation analysis and also stated its belief that the law required that the Court consider all statutory aggravating factors. The record before this Court is, at best, ambiguous, and at its worst, confirmation that the trial court considered the improper sentencing factor when sentencing Ms. Stallman. Unless this Court can affirmatively find that the error here is harmless, precedence requires remand for resentencing. At sentencing, the trial court clearly stated, turning now to the factors in aggravation, number one, threatened or caused serious harm. For first-degree murder, death, and therefore serious harm is inherent in the offense. Our legislature, in specifying the sentencing range for this offense, has already considered that serious harm has resulted from the commission of the offense. Here, the Court was not considering the mere nature or circumstances of the offense, which the Court admittedly may consider, but rather here it expressly identified a statutory aggravating factor prohibited within the sentencing context. The State argues that this was merely a passing reference. However, we believe the record disproves this characterization. In conducting this aggravating factor analysis, we should note that there are 35 statutory aggravating factors. Fifteen of these factors are offense-specific, and because they exclude the offense of first-degree murder, are irrelevant on their face within the context of this particular sentencing hearing. That leaves 20 factors that arguably could apply to the offense of first-degree murder. Here, the trial court read nine of the 20 factors, less than half, that could apply to the offense. The court explicitly found that seven of the nine factors that it read did not apply. It made a specific holding with respect to those factors. It held that one factor, deterrence of others, did apply and was an aggravating factor for this particular sentencing hearing. However, the court, though having referenced the aggravating factor that the offense caused or the conduct caused or threatened serious harm, was completely silent on that particular factor. When it finished its recitation of the aggravating factors and its aggravating factor analysis, the court specifically stated, those are the factors in aggravation and mitigation that I am finding here. It would seem that this statement is inclusive of the factors listed by the court, but not explicitly rejected or found. This is not casual commentary. The court was conducting a structured statutory aggravation analysis. The court later admitted that it considered this factor and the prohibited factor by speaking it into the record as part of the factors in aggravation and mitigation. Those are the court's own words. The court itself said it considered the factor. Is there any indication, and does it matter, of what level of weight, what amount of weight it gave to that? To that factor? To that improper factor. To that improper factor. Unless the court can affirmatively find that no weight was applied to that factor, then we have ambiguity. The mere fact that we are here today having this discussion and that you're hearing arguments is because reasonable people disagree on the language in the record. If this court cannot affirmatively find that the court put no weight on it, if it found that the court put no weight on it, then it may affirm. But that is the bar that must be reached in order for this court to affirm. And the state suggests that, right, by suggesting that it was merely a checklist item that the court- The state argument essentially, and certainly they will tell you their version, but our understanding of the state's position is that this was passing commentary, a passing reference. And we disagree with that. There was extensive discussion about the court's own characterization of the words it used during the post-trial hearing on the post-trial motion to reconsider a sentence. The court itself said it considered the factor, and that's effectively dispositive of this issue. It expressly acknowledged that it considered the factor. The question is not whether the court considered the factor. The court's own words confirm that it did. But there are cases, Reed and Williams, where the court mentioned it, and the federal court has said mere mention is not the same as consideration, and just the fact that you mentioned it is- Mere mention here, yes. Those cases stand for the proposition that mere mention is not enough. However, here the record is clear. The trial court itself said it considered the factor. The reason we're here is because there was so much discussion, and the court elaborated on its consideration of that particular improper factor. The court's own words said it considered it. Elaborating this is the court's clear misunderstanding of- Did the court, in saying that it considered it, was that a statement of maybe a generality in terms of the court saying that it had to consider all factors and that it mistakenly considered that to be one of them? The court is ambiguous, which is why we're here. We believe that there is an ambiguity. Unless this court can affirmatively hold that the court put no weight on that factor and that it was indeed a passing reference, remand is required. The court stated that I think I'm required to consider them all, referring to the aggravating statutes, or the aggravating factors, excuse me. The court later said, I believe that we are instructed to consider all the factors. Obviously, Illinois law specifically forbids the consideration of factors inherent in the charge of offense. The trial court repeated statements concerning its misapprehension of the law, or at least its allegiance to the state. Obviously, we disagree on that point. But the degree to which the court relied on the improper factor is something that is ambiguous and thus requires remand. If this court finds that the record is ambiguous, or you cannot determine the weight assigned by the court to this improper factor, remand is required. And for those reasons, we ask that this court vacate an installment sentence and remand for a resentencing hearing. Any other questions? Thank you. Okay, if you'll have time, I'm going to move the motion. Rebecca. Thank you, Your Honors. Ms. Jones. May it please the Court, counsel. My name is Kenneth Jones, and I'm here on behalf of the state. I want to first address an issue and an argument that was made where defense counsel said the words harmless error. Harmless error only applies in cases that are properly preserved, where an issue is properly preserved for appeal. And in harmless error, in their view, it is the state's burden of proof to prove the matters. But this issue that they've raised was not properly preserved. It's forfeited. Case law is clear that you have to not only object at the time of the hearing, but you have to raise it in post-trial motion. In this case, the issue that they're raising on appeal was raised in a post-trial motion, but there was no contemporaneous objection. In their brief, counsel tries to argue that Supreme Court cases of Saldivar and Martin basically said, well, in the sentencing context, that's not necessary. We'll consider it anyway. The problem with that is both Saldivar and Martin were Supreme Court cases, and the Supreme Court has said they have supervisory authority. There's no question about that. But what the Supreme Court has said is lower courts do not possess the same supervisory authority to ignore forfeiture. And they have urged the appellate courts and lower courts not to exercise authority that they do not possess. Furthermore, the Supreme Court's more recent decisions specifically hold that a contemporaneous objection is required to preserve an issue for appeal. It's Hillier and Johnson. Johnson was a sentencing issue. So the only way that the defendant can prevail or present this case to this Court is through plain error. And under plain error, it is the defendant's work to prove not only a clear and obvious error, but in the sentencing context, to make sure that either the evidence of the sentencing hearing was closely balanced, or the error was so egregious to deny the defendant a fair sentencing hearing. So let's turn now to the issue of whether an error occurred. As this Court is aware in interpreting and in determining whether a sentencing issue or whether a court improperly relied upon a factor in aggravation, you can't use the words in isolation. You have to consider those words in the context of the entire sentencing hearing. That's not the way the defendant wants us to interpret this. They want us to take out those five words that the Court used and say, aha, they improperly considered a factor in aggravation, which is inherent in the offense. And in order to obtain a remand, the defendant must show, it's their burden, more than the mere mention of an improper fact or an improper factor. The defendant has the burden to affirmatively establish that the sentence was based on the improper considerations. That's not what happened here. The Court mentioned the complaint of factor in passing in the context of reading the factors considered in aggravation from the list. And the Court did not place any emphasis on that factor. And the Court did not even tie that reference to Mr. Solomon's death. Case law establishes that the factor that they're complaining about doesn't just apply to the death of the person. It also applies to family members' grief, sorrow, pain, et cetera, et cetera. Although considering the factor in terms of, with regards to the death of the ultimate harm to the victim is improper, considering that factor with regards to the grief, anguish, sorrow, pains felt by family and friends is a proper consideration. I would make, if anything, of the fact that at a later hearing, the judge said, I did not consider that factor. And then when pointed out from the transcript that they did mention it, said, well, I only consider it as part of the total. So he seemed to indicate then that he did actually consider it. No, he did not, Your Honor. And I, well, disagree with that. What the Court said was, first of all, the Court first confirmed that he was actually reading from the statute. And if you look at the statute, the first nine factors are generally what I would call the overall, the general factors that apply to pretty much every case. And then you get into the weeds with the other ones with regards to specific things that would apply, which none of them would. I'm going to ask you this, and this sounds like my time as a trial judge. I would open the statute book, and here's the factors of aggravation. I'd read down through them. Here's the factors of mitigation. I'd read down through those. Why didn't the record specifically indicate that's all this judge did also? The judge did not actually. Is there anything specific you can point to that he didn't? That he, well. Did not specifically consider the fact that he had. The way that he discussed them, and actually in his, at the hearing on the motion to reconsider, he basically confirmed that he had the statute in front of him when he was identifying the aggravating factors. He said that. He says that twice. He says, quote, so there were other factors of mitigation or aggravation on the list, and I only have my book here with me today, which is what I am sure I was using on that day. And then he later, that was on page 483 of the record, and then on 492 he basically confirms, I was using the statute. And the way he lists them, if you read the transcript, I mean, he goes, one, threatened her serious harm. And then he doesn't say two, three, four, five, or six, but if you look at the statute and look at the transcript, you'll see he was reading straight down. He also further stated, quote, So I'm not using factor one that you were talking about to add another ten years to the sentence. I am just, you know, I'm considering that by saying it, speaking it into the record as part of the total, part of the factors in aggravation and mitigation. Your Honor, I think we've all heard transcripts where the court, in rendering a sentence, says, I consider the factors in aggravation and mitigation, and then goes on, and may not, and may talk about particular ones, but not, or emphasize a certain one over, you know, and not mention another one. But they've made a general statement. I'm considering, I have considered the factors, the statutory factors in mitigation and aggravation. Well, under the defense theory, and the defense's argument, oh, that means he considered an improper factor. Because he's just said, I consider. That's not what that means. And the case law establishes the court is to consider the statutory factors in aggravation and mitigation. But what is considering? Consider means did I actually use it for purposes of rendering the sentence here? Or am I just, okay, this is a factor that I have to consider. I'm speaking it into the record, which is what the judge said he was doing. He was speaking it into the record. In other words, I'm required to consider the statutory factors. So I'm speaking those into the record to show that I am, in fact, you know, looking at them. How can we say with confidence that the judge did not consider that when this sentence was near the maximum of the sentencing range? How do we know this didn't affect that? Well, in determining the sentencing range, obviously, the court has to consider all the facts and circumstances of the case. And that's the argument they make, that the length of the sentencing itself supports the conclusion that the court placed weight on the improper factor. As argued and as relied upon by the court, though, this was a premeditated murder. This plan is premeditated. But that's this case of clearance. And case law establishes the commission of a premeditated murder as a matter which supports a sentence greater than what otherwise might have been merited. This case, and the court basically, I mean, the court enumerated the reasons why it was awarding the sentence it did. This woman had a pattern, a character, and a behavior of self-victimization and manipulation. She tempted it all throughout the custody and the divorce proceedings. And she was thwarted in her efforts to control the situation, control the judge, control her ex-husband, or assumed to be ex-husband if she hadn't killed him. Did the judge specifically? It seemed like it did. Does the record indicate the judge specifically mentioned the deterrence factor and the premeditation? Well, the judge did not. What the court found was that the reason for the sentence, the specific reasons for his sentencing, was her behavior and her self-victimization and manipulation, and the need to deter others from acting the same way she did and taking the same steps she did. The state thoroughly and completely argued that this was premeditated. And the evidence supports that. She didn't get away at the final pretrial. She calls her live-in boyfriend hysterical. You know, I didn't get my way, you know. She threatened to kill him. The live-in boyfriend said that. The PSI, not the PSI, but the victim impact statement showed that she was researching how to kill somebody with a knife. So what does she do immediately after she doesn't get her way in the final pretrial? She goes into her kitchen. She gets a 12-inch butcher knife. But that wasn't good enough. She didn't just get the butcher knife. She got the sharper. Got to make sure it's nice and sharp. Then she goes and confronts Mr. Stahlman. At his place of employment, she admits they get into a heated argument. And she stabs him through the heart. He never even got out of the truck. Then she apparently put the knife back into her handbag, put it back in the car. When the police investigate and find a spot of blood on the car and ask her for consent to search, she hyperventilates. She gets all upset. She gets taken to the hospital. And when the police get there, then she comes back. And she wants to get into that vehicle. And they know what? Because that vehicle contains the murder weapon, the one that she purposely got to kill him with when she didn't get her way. Your Honors, I see my time is up. The evidence in this case, and if you read the record as a whole, shows that the court mentioned this factor in passing, and that they did not mention it just in passing. If you did consider it, it's clear that it was considered for the basis of the pain that was caused and the harm caused to the family members that remained and the friends that remained. And the defendant has failed to meet their burden of proving either first-pronged plain error, that the court, that there is a firm of showing that the defendant, that the court improperly applied any weight to that. And we'd ask that you affirm the sentence. Okay. Thank you. Any questions? No other questions. All right. Thank you. Mr. Hanson? May I please report, Counsel? I'd like to first address the issue of preservation. Saldivar creates a very narrow exception to the general requirement that in order for an issue to be preserved for review, there must be a contemporaneous objection, and it must be raised in a post-trial motion. Here, clearly, there was no contemporaneous objection, but it was extensively raised and extensively discussed in a post-trial motion. Saldivar, where the rule is established, creating this very narrow exception, again repeated in Martin, creates a narrow exception. The State asserts that this exception doesn't apply because in Saldivar, the Supreme Court was exercising its supervisory authority. However, the Saldivar decision is absolutely silent and makes zero connection with respect to the Illinois Supreme Court's exercise of its supervisory authority and its holding and crafting of this narrow exception. Accordingly, under Saldivar, and again in the rule, or the exception which is restated in Martin, the issue is preserved. The State acknowledges the absence of this connection and its theory that the Illinois Supreme Court was exercising its supervisory authority and the fact that the Court was silent as to connecting its exercise of supervisory authority to this narrow rule in its brief. The Court made no such rule. The rule stands and was reiterated in Martin. When the trial court said it was just considering the improper factor by reading it into the record, we must remember that it treated this factor differently. It read some of the factors, nine to be specific, the factors in aggravation, but it didn't read others. As I said earlier, there are 20 factors applicable to this particular offense. The Court read less than half of them. It read some. Of those it recited, of the nine it recited, it made specific findings on eight of them. Seven, it found it did not apply. One, the deterrence of others did apply, but again, it treated this one separately, and that was the improper factor. And those are the Court's own words. The issue here is not whether substantial aggravation existed. The issue here is whether the sentencing framework was legally proper, and we argue it was not. This is not a mid-range sentence. This is not a middle-of-the-road sentence. This is a sentence that was two years short of what the State asked for of 52 years. It's in the 75th percentile of the sentencing range. It's more than twice as long as the minimum sentence. We ask that this Court find that the Court considered the improper factor or the record is ambiguous and that this Court cannot find that the weight placed on this factor was, in fact, harmless. And we would ask that the Court remand this case or vacate the sentence and remand for a resentencing hearing. Thank you. Thank you. Thank you. Thank you both for your briefs and your arguments here today. The Court will take the matter into consideration, under consideration, and issue its ruling in due course. You guys have a good rest of your day.